But the
 
 Court
 
 charged that an officer has no right to open an outer I door if it be closed, for the purpose of levying an execution; if the! door be open he may go in and make his seizure; if the door be[ closed and the officer raps at the door and receives permission from the persons within to enter, or if the door be opened to him he mayl enter; but without such permission he cannot enter, and his doing soj would make him a trespasser ab initio. As the pleadings stand in this case the issue is upon the fact whether the plaintiff’s door was opened by the officer, there being no rejoinder of a license or authority from any one within to enter. (íáee
 
 Prettyman
 
 vs.
 
 Dean et al., Harr. Rep.
 
 494, and
 
 State
 
 vs.
 
 Coxe, Ibid
 
 495
 
 note.)
 

 ■ An officer is not bound to leave goods with a defendant; he majl take them away. Yet he might be guilty of an excess by taking enf tirely too much, as a thousand dollars worth of property to satisfy demand of a hundred dollars; or by taking improper articles, as the apparel from a man’s person, &c.
 

 The plaintiff had a verdict for nominal damages.